Docusign Envelope ID: A90BB872-ADEF-403B-B86B-C8CA0178B8C2

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ADAM THOMASON, | ) |
| Plaintiff, | ) |
| vs. | ) CASE NO.: 1:25-cv-00261 |
| UNDERDOG SPORTS, LLC, | ) |
| Defendant. | ) |

## DECLARATION OF DUSTIN COOPER IN SUPPORT OF DEFENDANT UNDERDOG SPORTS, LLC'S NOTICE OF REMOVAL

I, Dustin Cooper, on oath depose and state as follows:

1. I am the Chief Financial Officer for Underdog Sports, LLC ("Underdog"), and in this capacity I am familiar with the corporate and organizational structure as well as the operations of Underdog.

2. I provide this Declaration in support of Underdog's Notice of Removal of the claim asserted by Plaintiff Adam Thomason ("Plaintiff") against Underdog.

3. I am over eighteen years old and capable of testifying as to the facts set forth in this Declaration based on my own personal knowledge.

4. Underdog is a limited liability company registered in Delaware and its headquarters are located in New York City.

5. At the time of filing of the complaint, and before, Underdog is and was a wholly owned subsidiary of Underdog Sports Holdings, Inc. and the sole member of Underdog Sports LLC is and was Underdog Sports Holdings, Inc.

6. At the time of filing of the complaint, and before, Underdog Sports Holdings, Inc. is and was a corporation organized under the laws of Delaware and headquartered in New York, and, therefore, Underdog and Underdog Sports Holdings, Inc. are domiciled in Delaware and New York.

7. Further, neither Underdog nor Underdog Sports Holdings, Inc. are domiciled in Georgia, the state where Plaintiff is domiciled (Complaint ¶ 8).

8. I have reviewed the Complaint, which alleges that Underdog's Pick 'Em games are illegal gambling under the Georgia Code and Georgia common law (Complaint ¶ 51). Plaintiff further alleges a right Pursuant to O.C.G.A. § 13-8-3(b), to recover all money and property lost by Georgia Underdog Fantasy customers who have not filed their own actions under the statute, excluding any judge(s) presiding over this action and the immediate family members of such judge(s). (Complaint ¶ 52). Plaintiff alleges, upon information and belief, that thousands of people in Georgia have lost money to Underdog on Fantasy Pick 'Em games in the past four years. (Complaint ¶ 37).

9. Underdog maintains electronic financial reporting systems that contain and record data reflecting the total amount of money paid by Underdog customers, which is maintained in the ordinary course of business.

10. I have access to and have reviewed the purchase data pulled from the relevant financial reporting systems associated with Georgia customers during the period December 10, 2020 to December 10, 2024 (i.e. the four years before the filing of the Complaint).

11. According to the purchase data, the total amount of money paid by Georgia Underdog customers who have not filed their own actions under the statute, excluding any judge(s) presiding over this action and the immediate family members of such judge(s) to Underdog during the four years before filing the complaint considerably exceeds $250,000.

12. In addition, it to the extent Plaintiff is seeking to recover for alleged gambling losses of customers after the filing of the complaint and on an ongoing basis, based upon past data and projections for 2025 and beyond, the amount of revenue to Underdog associated with its offering of Pick'em games in Georgia considerably exceeds $250,000.

13. Plaintiff also seeks a permanent injunction enjoining the alleged wrongful conduct. (Complaint, p. 10). Based upon historical data and projections

for 2025 and beyond, the financial impact to Underdog of a judgment granting such relief would considerably exceed $250,000.

Signed under the penalties of perjury this January 17, 2025 day of January, 2025

*Dustin Cooper*
Dustin Cooper,
Chief Financial Officer