UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ADAM THOMASON, | ) |
|     Plaintiff, | ) |
| v. | ) No. 1:25-cv-00261-VMC |
| | ) District Judge Calvert |
| UNDERDOG SPORTS, LLC, | ) |
|     Defendant. | ) |

_____

PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY
_____

Plaintiff Adam Thomason submits this notice of supplemental authority in support of his Motion to Remand (Dkt. No. 11).

On March 16, 2025, after briefing closed on the Motion to Remand, the United States Court of Appeals for the Sixth Circuit issued a decision in *Burt v. Playtika, Ltd.*, 132 F.4th 398 (2025). The case arose under Tennessee's loss recovery act, which allowed "[a]ny other person" besides a gambler to recover the gambler's losses for the benefit of his family. *Id*. at 401-02 (citing Tenn. Code Ann. § 29-19-105). The plaintiff sued the operators of an online casino under this statute in state court. *Id*. at 402. The defendants removed the case to federal court. *Id*.

On review, the Sixth Circuit questioned the plaintiff's Article III standing

1

*sua sponte*. *Id*. at 403. It said, "The problem with Burt's standing is apparent: she does not allege that she personally suffered any gambling loss. . . . Because Burt did not incur a gambling loss herself, she did not suffer an injury in fact and therefore lacks standing." *Id*.

The plaintiff did not have *qui tam* standing, either. *Id*. at 405. First, statute did not redress an injury to the State of Tennessee. *Id*. at 404. Second, the statute did not require the plaintiff to share her recovery with the government. *Id*. Third, the statute did not give the government control over the lawsuit, suggesting that the government was not the real party in interest. *Id*. at 404-05.

Because the plaintiff lacked Article III standing, the case had to be remanded to state court. *Id*. at 401.

*Burt* aligns with Mr. Thomason's Motion to Remand and the legal authorities he previously cited. Mr. Thomason did not use Defendant's online sports gambling platform, Underdog Fantasy, so he did not suffer an injury. *See* Compl. ¶ 8 (Dkt. No. 1-1). Georgia's loss recovery act allows him to sue for other people's gambling losses. *See* O.C.G.A. § 13-8-3(b). However, it is not a *qui tam* statute for federal standing purposes. It does not redress an injury to the government or allow the government to control the lawsuit. Mr. Thomason must share his recovery with the county educational fund but not the governmental entity that enacted the statute, the State of Georgia.

Mr. Thomason does not have Article III standing. The Court should, therefore, grant his Motion to Remand.

Respectfully submitted,


/s/ Benjamin A. Gastel
Benjamin A. Gastel
(GA Bar # 432776)
Michael J. Wall
(*pro hac vice*)
HERZFELD, SUETHOLZ, GASTEL,
　　LENISKI, and WALL PLLC
1920 Adelicia Street, Suite 300
Nashville, TN 37212
Telephone: (615) 800-6225
Facsimile: (615) 994-8625
ben@hsglawgroup.com
michael@hsglawgroup.com

*Counsel for Plaintiff*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 27, 2025, the foregoing was served via the Court's electronic filing system upon:

> Terry R. Weiss
> Stefanie Wayco
> Zachary J. McCormack
> DUANE MORRIS LLP
> 1075 Peachtree Street, N.E., Suite 1700
> Atlanta, GA 30309
> trweiss@duanemorris.com
> smwayco@duanemorris.com
> zmccormack@duanemorris.com
>
> William M. Gantz
> DUANE MORRIS LLP
> 100 High Street, Suite 2400
> Boston, MA 02110
> bgantz@duanemorris.com
>
> *Counsel for Defendant*

/s/ Benjamin A. Gastel
Benjamin A. Gastel